**PRICE LAW GROUP, APC**
David A. Chami, AZ #027585
1204 E Baseline Rd., Suite 102
Tempe, AZ 85283
P: 818-907-2133
Fax: 866-401-1457
david@pricelawgroup.com
*Attorney for Plaintiff Josh Perry*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| JOSH N. PERRY,<br><br>Plaintiffs,<br>vs.<br><br>I.Q. DATA INTERNATIONAL, INC.; TRANS UNION LLC; and EXPERIAN INFORMATION SOLUTIONS INC.<br><br>Defendants. | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL FOR VIOLATIONS OF:**<br><br>1. THE FAIR CREDIT REPORTING ACT [15 USC § 1681 et. seq.];<br><br>2. THE FAIR DEBT COLLECTION PRACTICES ACT [15 USC 1692 et. seq.] |

## INTRODUCTION

1. Josh N. Perry ("Plaintiff") brings this action to secure redress from I.Q. Data International Inc. ("IQ Data"), Trans Union LLC ("TransUnion"), and Experian Information Solutions Inc. ("Experian") (herein collectively as "Defendants") for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et. seq., the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et. seq., and their agents for their illegal reporting on Plaintiffs

COMPLAINT 1

credit report and in their illegal efforts to collect an alleged consumer debt from Plaintiff.

## PARTIES

2. Plaintiff Josh N. Perry (hereinafter "Plaintiff") is a consumer, a natural person allegedly obligated to pay a debt, and a citizen of the United States of America who presently resides in Maricopa County, Arizona.

3. Defendant, IQ Data is a debt collection agency as defined in 15 U.S.C. 1692a(6). IQ Data's domicile is located in Everett, Washington and regularly transacts business throughout the United States including Arizona. Defendant IQ Data can be served through its registered agent Corporation Service Company located at 2338 W Royal Palm Rd., Suite-J, Phoenix Arizona 85021.

4. In addition, Defendant engages in the practice of furnishing consumer information to consumer reporting agencies, and is therefore a "furnisher of information" as contemplated by 15 U.S.C. § 1681s-2(a) & (b).

5. Defendant, TransUnion is a *credit reporting agency*, as defined in 15 USC 1681a(f) and RCW 19.182.010(5). On information and belief, Defendant is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing *consumer reports*, as defined in 15 USC 1681a(d), to third parties. Trans Union can be

COMPLAINT                                              2

served through its registered agent Prentice-Hall Corp System located at 2338 W Royal Palm Rd., Suite-J, Phoenix Arizona 85021.

6. Defendant, Experian is a *credit reporting agency*, as defined in 15 USC 1681a(f) and RCW 19.182.010(5). On information and belief, Defendant is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing *consumer reports*, as defined in 15 USC 1681a(d), to third parties. Experian can be served through its registered agent CT Corporation System located at 3800 N Central Ave., Suite 460, Phoenix Arizona 85012.

7. On information and belief, Defendants TransUnion and Experian disburse the *consumer reports* to third parties under contract for monetary compensation.

8. At all relevant times, Defendants acted through duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## JURISDICTION

9. The District Court has federal question jurisdiction over these claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. 1681.

10. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in

COMPLAINT 3

this District.  Because Defendants transact business here, personal jurisdiction is established.

## FACTUAL ALLEGATIONS

11. In or around March 2013, a judgment was entered against Plaintiff related to a forcible detainer action regarding a rental property dispute for the benefit of Hidden Cove Apartments. The amount of the judgment was for $1,408.08.

12. In 2014, Plaintiff learned of collection activity by IQ Data.  IQ Data was attempting to collect on the Hidden Cove debt; however IQ Data indicated that the amount of the debt was over $3,500.  IQ Data indicated that they were the assignee of Hidden Cover and the rightful owners of the debt.  In numerous conversations with Plaintiff and subsequently with his former attorney Ryan Alcorn.

13. In or around December 2014, Plaintiff paid $1510.67 to IQ Data with an agreement that they would report the debt as paid in full and file a Satisfaction of Judgment with the Court.

14.  After months IQ Data failed to file a Satisfaction of Judgment and continued to report the over $3500.00 balance on Plaintiff's credit report.

COMPLAINT 4

15. Finally in May 2015, Plaintiff learned, from Hidden Cove Apartments, that IQ Data was not the owner of the debt and had no legal authority to file a Satisfaction of Judgment.

16. In May 2015, Plaintiff disputed the charge with his bank and received a refund of the $1510.67 previously paid to IQ Data.

17. On June 5, 2015, Hidden Cove Apartments assigned the judgment, for the first time, to IQ Data (*See attached Exhibit A,* assignment).

18. Plaintiff was not informed of the assignment.

19. On June 22, 2015, Plaintiff, through Counsel, paid $1408.08 to Hidden Cove Apartment through their Property Manager, Rosebud LLC (*see attached Exhibit B*, copy of cancelled check).

20. Upon acceptance of said payment, Hidden Cove Apartments was to file a Satisfaction of Judgment with the Court.

21. The Satisfaction of Judgment was filed by Hidden Cove on August 21, 2015.

22. In or around July 2015, Plaintiff applied for a mortgage with People's Mortgage Company.

23. On July 15, 2015 that mortgage application was denied, based in whole or in part, on the collection account related to the IQ Data activities.

24. Upon receiving the credit denial, Plaintiff became distraught.

COMPLAINT 5

25. On July 31, 2015, Plaintiff mailed dispute letters to Experian, Equifax and Trans Union disputing the IQ Data account.

26. On August 24, 2015, Experian responded to Plaintiffs dispute and refused to remove the inaccurate reported information.

27. On August 25, 2015 Equifax responded to Plaintiffs dispute and agreed to delete the inaccurately reported IQ Data account  (*See attached Exhibit C, Response from Equifax*).

28. On August 28, 2015 Trans Union responded to Plaintiffs dispute refusing to remove the inaccurately reported IQ Data account.

29. As a result of Defendants unlawful conduct, Plaintiff has suffered extreme emotional distress and mental anguish.

30. In addition Plaintiff has been unable to fulfill his dream of becoming a homeowner.

**FIRST CAUSE OF ACTION**
**Defendant IQ Data**
**Violations of the FCRA, 15 U.S.C. § 1681 *et. seq.***

31. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32. The FCRA requires a furnisher such as IQ Data, after receiving notice from a credit reporting agency that a consumer disputes information that is being

COMPLAINT                                              6

reported by that furnisher, to conduct an investigation with respect to the disputed information, to review all relevant information, to report the results of the investigation to the credit reporting agency, and, if the investigation reveals that the information is incomplete or inaccurate, to report those results to all other credit reporting agencies to which the furnisher has provided the inaccurate information.

33. IQ Data has provided inaccurate information to the credit reporting agencies.

34. Plaintiff notified Defendants TransUnion, Experian, and Equifax that his report concerning Defendant IQ Data was inaccurate.  Thereafter, the credit reporting agencies notified Defendant IQ Data that Plaintiff was disputing the information it had furnished to the credit reporting agencies.

35. Defendant IQ Data violated sections 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. § 1681s-2(a), (b):

    (a)    Willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiffs disputed;

    (b)    Willfully and negligently failing to review all relevant information concerning Plaintiffs mortgage;

    (c)    Willfully and negligently failing to report the results of investigations to the relevant consumer reporting agencies;

(d) Willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

(e) Willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by Plaintiffs;

(f) Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning both Plaintiffs to the credit reporting agencies; and

(g) Willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(a), (b).

36. Defendant IQ Data's conduct was a direct and proximate cause, as well as a substantial factor, in causing serious injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendant is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as other such relief, permitted by 15 U.S.C. § 1681n.

COMPLAINT                                                8

## SECOND CAUSE OF ACTION
**Defendant IQ Data**
**Violations of the FDCPA, 15 USC 1692 *et. seq.***

37. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

38. The FDCPA provides that a "debt collector may not use any false, deceptive, or misleading representation or means with the collection of any debt." 15 U.S.C. § 1692e. Furthermore, a debt collector will be found in violation if the following conduct is determined: a false representation of "the character, amount, or legal status of any debt" 15 U.S.C. § 1692e(2)(a).

39. From in or around January 2014, Defendant IQ Data continued to report an incorrect balance of over $3,500 to all three major credit reporting agencies in an attempt to collect a debt from the Plaintiff.

40. Defendant IQ Data's reporting of the balance was a false representation of amount and legal status of the debt.

41. Defendant IQ Data's conduct was a direct and proximate cause, as well as a substantial factor, in causing serious injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendant is liable to compensate Plaintiff for the full amount of statutory, actual and punitive

COMPLAINT 9

damages, along with attorneys' fees and costs, as well as other such relief, permitted by 15 U.S.C. § 1692k.

42. Defendant IQ Data violated 15 U.S.C. 1692e(2(a) by demanding payment for a debt that was not owed.

### THIRD CAUSE OF ACTION
**Defendants TransUnion and Experian**
**Violations of the FCRA, 15 U.S.C. § 1681 *et. seq.***

43. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

44. The FCRA provides that if the completeness or accuracy of any item of information contained in a consumer's file at a *consumer reporting agency* is disputed by the consumer and the consumer notifies the agency directly of such dispute, the agency shall conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate, or delete the item from the file within thirty (30) days of receiving the consumer's dispute notice. 15 U.S.C. § 1681i(a)(2)(A).

45. The Act further requires the credit reporting agency, within 5 business days of receiving notice of the consumer's dispute, to provide notification of the dispute to the person who furnished the information in dispute and requires the credit reporting agency to "include all relevant information regarding the

dispute that the agency received from the consumer." 15 U.S.C. § 1681i(a)(2)(A).  In conducting its reinvestigation of disputed information in a consumer report, the credit-reporting agency is required to "review and consider all relevant information submitted by the consumer."

46. The Defendants, credit-reporting agencies, failed to conduct a reasonable reinvestigation of the inaccuracy that the Plaintiff disputed.

47. The Defendants, credit-reporting agencies, failed to review and consider all relevant information submitted by the Plaintiff.

48. The Defendants, credit reporting agencies, failed to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiffs credit report, information, and file, in violation of 15 U.S.C. § 1681e(b).

49. As a result of the above-described violations of § 1681i and § 1681e(b), Plaintiff has sustained damages.

50. The Defendants, credit-reporting agencies, violations of the FCRA were willful and therefore Plaintiff is entitled to seek statutory and punitive damages.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

A. Actual damages pursuant to 15 U.S.C. §§ 1681n and 1681o and 1692k(1);

B. Statutory damages pursuant to 15 U.S.C. § 1692k(2)(a);

C. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o and 1692k(3);

D. Any pre-judgment and post judgment interest as may be allowed under the law; and

E. For such other and further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demands a trial by jury in this action.

DATED this 8th day of October, 2015,

**PRICE LAW GROUP, APC**

By: */s/David A. Chami*

David A. Chami
*Attorney for Plaintiff Josh N Perry*